62 F.3d 937
 Rodney REMBERT, Mona Rembert, Conchita Lewis, individually
and on behalf of all other persons similarly
situated, et al., Plaintiffs-Appellants,
v.
Michael F. SHEAHAN, in his official capacity as Sheriff of
Cook County and Cook County, Illinois, Defendants-Appellees.
 No. 94-3121.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 21, 1995.
Decided Aug. 9, 1995.
 
 William P. Wilen (argued), Robert E. Lehrer, Legal Assistance Foundation of Chicago, Chicago, IL, Jeffrey C. Boulden, Despres, Schwartz & Geoghegan, Chicago, IL, Jennifer J. Payne, Timothy J. Hufman, Maureen E. Terjak, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiffs-appellants.
 Connie R. Barba (argued), Terry L. McDonald, Asst. States Atty., Office of the State's Atty. of Cook County, Federal Litigation Div., Chicago, IL, for Michael F. Sheahan.
 Terry L. McDonald, Asst. States Atty., Office of the State's Atty. of Cook County, Federal Litigation Div., Chicago, IL, for County of Cook.
 Before BAUER, CUDAHY and MANION, Circuit Judges.
 CUDAHY, Circuit Judge.
 
 
 1
 Plaintiffs are tenants of various apartment buildings in Chicago which have been foreclosed. As a class, they brought this action under 42 U.S.C. Sec. 1983 to enjoin the eviction procedures being used by the Sheriff of Cook County when seeking to enforce an order of possession during a mortgage foreclosure. The tenants suggest that the State, through the Sheriff's office, violates their due process rights when it enforces an order that fails to name them personally and instead misnames them or names them only generically (for instance, "unknown tenant"). The district court approved of the use of generic names, but found that misnaming tenants on orders of possession violated their due process rights. Although Illinois law governing mortgage foreclosures had been amended prior to the district court's ruling, and the Sheriff claimed his practices had changed, the district court failed to address the Sheriff's claim that the case was moot. We believe that a fair question exists regarding mootness, yet we presently lack a record that enables us to rule on this issue. We therefore remand the case to the district court with instructions to make the necessary factual findings.I.
 
 
 2
 The named plaintiffs are ten tenants of various Chicago apartment buildings that have been foreclosed. Each has been evicted from his or her residence, and all assert that the eviction violated both Illinois law and the due process clause of the Fourteenth Amendment. The tenants specifically complain of the pre-eviction procedures used by the State of Illinois. They suggest, in particular, that the State was evicting them without providing any prior notice of the impending evictions. They seek the issuance of an injunction against the complained-of practice.
 
 
 3
 The evictions in question occurred because of foreclosures of the mortgages on the various apartment buildings in which the tenants resided. A party wishing to foreclose a mortgage in Illinois can obtain possession of the mortgaged property by following the procedures detailed in the Illinois Mortgage Foreclosure Law (IMFL). See generally 735 ILCS 5/15-1102-5/15-1706 (1992). Here, in the process of obtaining possession of the various apartment buildings, unnamed third parties sought the help of the Cook County Sheriff's Office. The Sheriff, in enforcing orders of possession on the various properties, in turn effected the evictions of which the tenants now complain.
 
 
 4
 The tenants suggest that their evictions were unlawful because they were effected without any prior notice; none of the orders of possession personally named the tenant against whom it was directed. Instead, the tenants in the certified class were apparently evicted pursuant to an order of possession issued in one of two forms. First, an order may have named a tenant against whom it was directed only generically, using terms such as "unknown tenants" or "unknown occupants." Second, the order may have named an individual other than the tenant against whom it was directed. When the Sheriff received these court orders, however worded, his employees evicted or attempted to evict everyone at the properties in question.
 
 
 5
 On these facts, the tenants asserted a due process claim in the district court. The district court determined that the practices of which the tenants complain did not violate the IMFL. It also determined that the use of generic names did not offend the due process clause. Only the eviction of persons not named either personally or generically did, in the district court's view, create a due process problem. The district court therefore issued an order directing the Sheriff to cease enforcing orders of possession that failed to name the tenants against whom they were directed either personally or generically. The district court's order thus approved of the use of generic names. The tenants presently appeal this determination, claiming that the use of generic names both violates Illinois law and creates a due process problem.
 
 
 6
 Although the district court ruled on the merits of the tenants' claim, it never addressed the Sheriff's contention that the case was moot. During 1993, while the tenants' case was pending in the district court, the Illinois legislature amended the IMFL, effective 1994, to include a provision that the parties believe affects this case. See 735 ILCS 5/15-1504(a)(3)(T). The amended IMFL apparently mandates that a party seeking foreclosure include certain information in a foreclosure complaint (such as the names of defendants whose right to possess the mortgaged real estate is sought to be terminated). The Sheriff claims that the IMFL amendments, in and of themselves, render the tenants' claim moot in light of the fact that he intends to comply with these amendments. Although he also suggests that his practices have changed pursuant to these amendments, he has neglected to reveal the nature of those practices.
 
 
 7
 The tenants, on the other hand, do a better job of providing content to the Sheriff's practices. According to them, the policy until and during 1992 was the one on which the district court ruled. That is, until and during 1992, the Sheriff would enforce the order of possession against whoever was residing in the apartment, regardless of whether the order misnamed the tenant or named him only generically. It appears to be undisputed that this practice prevailed, although it was never memorialized or noted in writing as the official practice. The district court passed on the validity of these practices.
 
 
 8
 In 1993, however, the Sheriff apparently changed his eviction practices, again without adopting a formal written policy. Although the new practice was to evict only tenants personally named in the order of possession, the new practice had two exceptions. First, if one person named in the order of possession was found to reside on the premises, all occupants would be evicted. Second, if no one named in the order of possession was found on the premises, but the Sheriff's office could locate no evidence that whoever was found there was a legal resident, all occupants would be evicted.
 
 
 9
 Finally, in 1994 (after the passage of the IMFL amendments), the Sheriff adopted a written policy seeming to codify the 1993 practice. The 1994 formal policy stated that, like the practice which generally prevailed during 1993, the Sheriff would evict only persons personally named in the order of possession. The new policy did not, however, include a statement describing the 1993 exceptions. It was not clear whether the earlier exceptions would exist under the 1994 written policy. Although the Sheriff stated that the two exceptions would be modified, he failed to note exactly how they would be modified. The 1994 formal policy thus left open the question whether persons not named on the order of possession could be evicted. Although such a practice would seem to run counter to the formal policy itself, the practice followed in 1993 indicates that the Sheriff's office did not perceive the inconsistency.
 
 
 10
 The district court ruled only on the 1992 practice of carrying out evictions after misnaming tenants or using generic names. The court did not acknowledge the parties' allegations that the Sheriff's practices had changed, and it made no findings with respect to the eviction practices being followed at the time of its ruling. Neither did it address the Sheriff's contention that the case was moot in light of the various changes in policy and practice.
 
 
 11
 Only eventually did the district court address the IMFL amendments. In a motion for reconsideration, the tenants redirected the court's attention to these amendments, again claiming that they actually required the notice that the tenants sought. The district court concluded, however, that the IMFL amendments had no impact on the issue of notice. See July 29, 1994 Order. The court instead believed that the issue of notice was governed by the IMFL's provisions for nonrecord claimants. See generally, 735 ILCS 5/15-1502(b)-(c). The court did not alter its original ruling, and the tenants appeal.
 
 
 12
 The tenants specifically complain about the district court's approval of the Sheriff's evictions despite the use of generic names in orders of possession. They suggest that a failure to name them personally violates both Illinois law and the due process clause. The Sheriff's primary rejoinder is one of mootness. In addition, however, he defends the district court's order and maintains that the use of generic names violates neither Illinois law nor the due process clause. We agree that there is a significant question about mootness, and therefore remand for the necessary findings of fact.
 
 II.
 
 13
 Because a moot case does not present a "case or controversy" under Article III, a finding of mootness deprives a federal court of the authority to act. Charles v. Daley, 749 F.2d 452, 456 (7th Cir.1984). The doctrine is premised upon the belief that a court should not enjoy the power to decide an unnecessary question that cannot affect the rights of the litigants before it. Id. A finding of mootness can thus render the dismissal of a case appropriate.
 
 
 14
 When a challenged statute is repealed or significantly amended pending review, and a plaintiff seeks only prospective relief, a question of mootness arises. See Associated General Contractors v. Jacksonville, --- U.S. ----, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). The complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot. Fraternal Order of Police Hobart Lodge No. 121, Inc. v. Hobart, 864 F.2d 551, 553 (7th Cir.1988); Goldschmidt v. Patchett, 686 F.2d 582, 584 (7th Cir.1982). So does an amendment that clearly rectifies the statute's alleged defects. Penny Saver Publications v. Hazel Crest, 905 F.2d 150, 153 (7th Cir.1990); Thomas v. Fiedler, 884 F.2d 990, 995 (7th Cir.1989). However, when an intervening amendment provides no assurance that the complained-of conduct will cease, the case is not moot. Associated General Contractors, --- U.S. at ----, 113 S.Ct. at 2301. In other words, if the injury of which a plaintiff complains continues even under the amended statute, then the possible issuance of an injunction promises a measure of relief, and a court may act.
 
 
 15
 Here, we understand the tenants to be asserting essentially two complaints. First, they complain of the use of the generic notices of which the district court approved; they suggest that this practice is contrary both to Illinois law and to the due process clause. Second, they complain of the exceptions to the 1993 policy, under which the Sheriff apparently evicted tenants not named on the order of possession; they assert that this practice also violates the IMFL and the due process clause.
 
 
 16
 The district court's order stated that the Sheriff must name all tenants to be evicted either personally or generically. This order appears to cover the complained-of exceptions to the Sheriff's 1993 policy; because the order of possession must either personally or generically name a tenant prior to eviction, the Sheriff may not evict all persons located in a residence when only one of them has been named or when the named party cannot be located. The Sheriff has not disputed this aspect of the district court's ruling, so we assume that his practice in this regard (actually employed during 1993 and of uncertain status under the 1994 formal policy) has ceased. Although we assume at this point that the Sheriff is following the district court's order (and either personally or generically naming the tenants to be evicted), the district court should make precise factual findings on remand to determine whether this is in fact the case.
 
 
 17
 We find the tenants' complaints about the use of generic names more troubling, however. Put simply, it is not clear to us that the Sheriff has discontinued this practice. In a large part, this lack of clarity is a product of the fact that the Sheriff's position is internally inconsistent. The Sheriff maintains that the IMFL amendments have mooted the tenants' complaints because of his assurances that he will comply with Illinois law. This position seems to imply that the Sheriff believes that the IMFL amendments prevent him from relying on generic names (thus removing this area of concern from the tenants' consideration). When asked what he believes Illinois law requires, however, he defends the district court's order, which approves the use of generic naming and holds that the IMFL amendments have no relevance to this case. If his assurance that he will comply with Illinois law is nothing more than a promise to abide by the terms of the district court's order, then the tenants' claims are hardly moot.[1] A continuing practice of evicting tenants pursuant to orders of possession that name them only generically is precisely the injury of which they complain. See Associated General Contractors, --- U.S. at ----, 113 S.Ct. at 2301. See also Comer v. Cisneros, 37 F.3d 775, 800 (2d Cir.1994) (defendants failed to shoulder burden of showing that allegedly illegal conduct had completely ceased); Cooper v. McBeath, 11 F.3d 547, 550 (5th Cir.) (because amended statute had same practical effect, mootness was no concern), cert. denied, --- U.S. ----, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994); Rosetti v. Shalala, 12 F.3d 1216, 1233 (3d Cir.1993) (promulgation of new regulations did not moot plaintiffs' case because plaintiffs sought more than regulations provided for). It is thus clear that if the Sheriff is enforcing orders of possession that make use of generic naming, the tenants' case is not moot.
 
 
 18
 The record fails to reveal exactly what the Sheriff's present practice is, however. The tenants maintain that they still have something to complain about. But it is not clear whether they complain because the Sheriff is presently proceeding with evictions despite the use of generic names, or whether the tenants simply believe he will begin to proceed with generic names again in the future. The Sheriff himself does not come forward with any specific information on this point. We might guess that his defense of the district court's order is an indication that he continues to evict despite generic naming--but this would make his mootness argument frivolous. It may be that he simply defends the district court's order in the hope of determining whether he might begin to rely on orders of possession that use generic names again. In any event, we will not engage in guesswork about the Sheriff's present practice concerning evictions.
 
 
 19
 The district court must determine what the Sheriff's actual eviction practices are in order to assess whether the tenants' case is moot. See, e.g., Associated General Contractors, --- U.S. at ---- - ----, 113 S.Ct. at 2308-09 (O'Connor, J., dissenting) (urging remand so that a plaintiff may more precisely challenge the changed practice). If the Sheriff continues to evict despite the use of generic naming, the case, as we have indicated, is not moot and the district court must proceed to assess the tenants' claim.[2] If on the other hand the Sheriff has ceased this practice, mootness analysis is still in order but presents more difficult questions. Then, the district court must precisely determine the content of the new policy and practice. Here, we envision precise factual findings on both the Sheriff's stated policy and the actual practices employed by his office--including the content of the notice and the persons evicted pursuant to that notice.
 
 
 20
 This done, the district court must next assess whether the new practice has completely cured the injury of which the tenants originally complained. See, e.g., Rosetti, 12 F.3d at 1233. If it has not, and the problems of which the tenants complain (or some variation thereof) continue, then the tenants should be permitted to amend their complaint and proceed with their suit. Associated General Contractors, --- U.S. at ---- - ----, 113 S.Ct. at 2308-09 (O'Connor, J., dissenting). Finally, if the Sheriff's new practices have responded completely to the tenants' complaint, then the district court should dismiss the case as moot.[3] Thomas, 884 F.2d at 995.
 
 III.
 
 21
 Because of our uncertainty as to the Sheriff's current policy and practice involving orders of possession, we believe that a fair question concerning mootness exists. The district court should not have proceeded without addressing this potentially dispositive concern. On remand, the district court must focus on the stated policy and current practice of the Sheriff's office. Only after a finding that the case is not moot should the district court decide whether or not the practice comports with Illinois law and whether Illinois law comports with the United States Constitution. In light of these considerations, we remand for proceedings in accordance with this opinion.
 
 
 22
 VACATED AND REMANDED.
 
 
 
 [1]
 As best we can tell, the Sheriff also seems to be arguing that the case is moot because he is not responsible for the content of the order of possession. Argument along this line is disingenuous. In the first place, an allegation that the tenants have sued an inappropriate arm of government hardly moots the controversy by eliminating the injury of which the tenants complain. In the second place, such scapegoating ignores the Sheriff's role in eviction procedures. The Sheriff is an integral part of the State machinery that allows purchasers of mortgaged real estate to take possession of that real estate. He cannot credibly take the position that he has no duty to ensure that proper procedures have been followed prior to evicting tenants. See Quinones v. City of Evanston, 58 F.3d 275, 277 (7th Cir.1995)
 
 
 [2]
 In order to save time in light of all possibilities, we note at this point that we are dissatisfied with the district court's cursory dismissal of the IMFL amendments. Although we will not prematurely disapprove the district court's conclusions in light of our concerns about mootness, we note that we consider the court's treatment of tenants as "nonrecord claimants" highly suspect. The IMFL amendments have several provisions that clearly govern a tenant's--as distinguished from a nonrecord claimant's--rights. The most notable is 735 ILCS 5/15-1223, which defines an "occupant" as "a person in lawful physical possession of all or part of the mortgaged real estate." In addition, not only are tenants permissible parties in foreclosure proceedings, 735 ILCS 5/15-1501(b)(1), but their right to become a party is statutorily protected. 735 ILCS 5/15-1501(d). Finally, their names should apparently be included in a foreclosure complaint. 735 ILCS 5/15-1504(a)(3)(T). See also 735 ILCS 5/15-1504(c)(12); 735 ILCS 5/15-1701(d) & (h). None of these provisions seem to tell us clearly what sort of notice must be provided to tenants. And the parties, spending much of their argument focusing on the court's ruling about nonrecord claimants, have devoted too little attention to this question. On remand, if such an effort is necessary, both the parties and the district court should redirect their focus
 
 
 [3]
 The tenants suggest that, even if the Sheriff's practices have changed, their case is not moot because of the threat that he will revert to preexisting practices. We note that the record does not currently suggest that such a threat exists. This is not a case involving a fickle legislature bent upon returning to its "old ways." Charles, 749 F.2d at 458. Here, instead, the Sheriff claims to have altered his practices pursuant to what appears to us to be good faith legislative reform. Although we believe the tenants should be free to offer evidence on this point, absent some indication that reversion to the complained-of practice is likely (not simply possible), dismissal would be appropriate