Sylvester SASNETT, et al., Plaintiffs–Appellants,

v.

Jon E. LITSCHER, Secretary of the Wisconsin Department of Corrections, et al., Defendants–Appellees.

No. 99–1502.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 5, 1999.

Decided Nov. 23, 1999.

state prison regulation, IMP 1–D, that forbade them to possess crosses. We held that the regulation violated RFRA, and we did not reach the other theories of violation. *Sasnett v. Sullivan*, 91 F.3d 1018, 1022 (7th Cir.1996). Shortly afterward, however, the Supreme Court held RFRA unconstitutional, *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), and remanded our case for further consideration in light of *City of Boerne*, and we in turn remanded to the district court to decide the plaintiffs' other claims, which were based on the First Amendment. The district court then granted summary judgment for the defendants, holding that the challenged regulation did not interfere with the plaintiffs' free exercise of their religion and dismissing as duplicative the plaintiffs' alternative theory that the regulation violated their freedom of speech.

■ There is a jurisdictional question—whether the suit has become moot as a result of the replacement of IMP 1–D by a new prison regulation, IMP 6–K, which allows inmates to possess crosses. It has not. The new regulation was adopted after the district court, in the first round of this litigation, held that the old regulation violated RFRA. Even after the new regulation was in force, the defendants continued to pursue the litigation by asking the Supreme Court to review our decision invalidating the old regulation. So they didn't think the suit had been mooted by the adoption of the new regulation, which implies that they wanted to go back to the old one. Maybe they just wished to have the latitude to do so if circumstances changed; and in their briefs and at argument their lawyer told us that the state has no present intention of reinstating the old regulation if the district court's decision dismissing the suit is affirmed. But that is far from being an assurance, or even a prediction, that the state will not do so. The state vigorously defends the old regulation as justified by security concerns, and if this defense is sincere, as we have no reason to doubt that it is, it implies a high likelihood of returning to the

Percy L. Julian (argued), Julian & Associates, S.C., Madison, WI, for Plaintiffs–Appellants.

Frank D. Remington (argued), James E. Doyle, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before POSNER, Chief Judge, and ESCHBACH and EVANS, Circuit Judges.

POSNER, Chief Judge.

The plaintiffs, who are Protestant inmates of Wisconsin prisons, brought this suit under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*, and under various clauses of the U.S. and Wisconsin constitutions, seeking to enjoin a

old regulation unless that regulation is enjoined. The probability of such a return is sufficiently high to prevent us from deeming the case moot. *Northeastern Florida Chapter v. City of Jacksonville*, 508 U.S. 656, 661–62, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993); *Rembert v. Sheahan*, 62 F.3d 937, 941 (7th Cir.1995).

The briefs debate the issue whether the merits of the plaintiffs' free-exercise claim are governed by *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), or by *Employment Division v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). The first two decisions hold that regulations of religious observance by prison inmates must be reasonable to pass constitutional muster, and the third that a bona fide secular regulation is not unconstitutional merely because it burdens religious observance. *Turner* and *O'Lone* can thus be interpreted to require prison authorities to make a reasonable accommodation to the inmates' religious desires, but *Smith* cannot be. *Smith* is the later decision, but it was not a prison case and it did not purport to overrule or limit *Turner* and *O'Lone*; and the Supreme Court has instructed us to leave the overruling of its decisions to it. *State Oil Co. v. Khan*, 522 U.S. 3, 20, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997); *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Commodity Trend Service, Inc. v. Commodity Futures Trading Com'n*, 149 F.3d 679, 684 (7th Cir.1998).

The plaintiffs threw in a free-speech claim on remand in an effort to get around *Smith*. That won't wash. While it is true that the wearing of a cross, like most other forms of religious observance, is public and so in a sense expressive, and while it is also true that religion has figured in some notable free-speech cases, such as *West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943), which invalidated a requirement that Jehovah's Witnesses salute the American flag in violation of their religious creed, to equate public religious observance to free speech would empty the free-exercise clause of a distinctive meaning. It would be, in fact, little better than a play on words. Although the plaintiffs want to wear their crosses outside their clothing, they do not want to do so in order to convert other inmates or otherwise make a public statement, and so we think their free-speech claim fails by analogy to the *Pickering* line of cases that distinguish between speech on matters of public concern and on private matters, albeit the speech itself may be public in both cases. See, e.g., *Pickering v. Board of Education*, 391 U.S. 563, 571–72, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Khuans v. School District 110*, 123 F.3d 1010, 1014 (7th Cir. 1997).

This brings us back to the free-exercise issue, and the tension between *Smith* and *Turner–O'Lone*. The Court in *Smith* refused to consider the claim of American Indians for a religiously motivated exemption from the criminal laws against possession of hallucinogenic drugs, without examining the social need for such laws, whereas *Turner–O'Lone* allows a prisoner to complain that a secular prison regulation unreasonably fails to accommodate the prisoner's religious desires. If the Wisconsin prison system forbade inmates to have any jewelry, it would be difficult under *Smith* for inmates to claim that the Constitution entitled them to an exemption for religious jewelry, whereas under the regime of *Turner–O'Lone* we would have to uphold the claim because of the feebleness of the state's safety argument, discussed in our previous decision in this litigation. So the choice between the regimes will often be critical, but not in this case. Nothing in *Smith* authorizes the government to pick and choose between religions without any justification, *Employment Division v. Smith, supra*, 494 U.S. at 877, 110 S.Ct. 1595; *Church of the Lukumi Babalu Aye v. Hialeah*, 508 U.S. 520, 532, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993); B*onham v. District of Colum-*

*bia Library Administration,* 989 F.2d 1242, 1244 (D.C.Cir.1993)—which is exactly what the prison system has done in IMP 1–D (the "old" regulation, the one challenged in this case), in deciding to favor Catholics. The regulation allows the cross to be worn when it is attached to a rosary, but not otherwise, even though the addition of a string of beads makes the ensemble more dangerous (it can be used to strangle), and no less suitable as a gang symbol, than the cross sole. The rosary is a Catholic religious device. See, e.g., *The Modern Catholic Encyclopedia* (1994) (entry for "Rosary"). It is not a component of Protestant devotion. The prison authorities opined that Protestants would not be bothered by the presence of the rosary, that they could simply ignore it and concentrate on the cross, but this shows a complete ignorance of religious feeling. One might as well tell Anglicans to kiss the Pope's ring but pretend he's the Archbishop of Canterbury. The Wisconsin prison system, without the ghost of a reason, has decided to discriminate against Protestants, and in doing so it has violated the First Amendment and must be enjoined.

REVERSED.