Scott **HOOPER**, Plaintiff,

v.

Kenneth L. **MORKLE**, et al., Defendants.

No. 02:01–CV–489.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 30, 2003.

Raymond V. Vasvari, Jr., ACLU of Ohio Foundation Inc., Cleveland, OH, for Plaintiff.

Darrell M. Pierre, Jr., Ohio Attorney General, Holly J. Hunt, Ohio Attorney General, Julie E. Brigner, Hahn, Loeser & Parks, LLP, Columbus, OH, for Defendants.

### OPINION AND ORDER

FROST, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. # 28); Plaintiff's Memorandum on Law In Opposition to Defendant's Motion for Summary Judgment (Doc. # 29); Plaintiff's Motion for Summary Judgment (Doc. # 30); Defendants' Reply Memorandum to Plaintiff's Memorandum In Opposition to Defendant's Motion for Summary Judgment (Doc.

# 31); Defendants' Memorandum Contra to Plaintiff's Motion for Summary Judgment (Doc. # 32); and, Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment (Doc. # 33). The Court finds that Plaintiff's claims in this case were rendered moot on June 2, 2003. Plaintiff's Motion for Summary Judgment (Doc. # 30) is hereby **DENIED** and Defendants' Motion for Summary Judgment (Doc. # 28) is **GRANTED.**

## I.  *NATURE OF PROCEEDINGS*

Plaintiff, Scott Hooper, filed this suit against Maureen O'Conner, Lieutenant Governor and Director of the Ohio Department of Public Safety and the Ohio Liquor Control Commission ("Defendants") seeking to enjoin the enforcement of, and a declaration with respect to the constitutionality of a state regulation regarding the sale of quantities of beer in kegs. Specifically, Plaintiff's Complaint alleges that Ohio Administrative Code 4301–1–1–68 ("Rule 68") compels him to waive his Fourth Amendment right to be free from unreasonable searches as a precondition to his being able to engage in lawful activity, and that by enforcing Rule 68 Defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. (Compl. ¶ 18.) Defendants' motion asserts that Rule 68 has since been rescinded and amended, mooting Plaintiff's claims. Plaintiff's memorandum in opposition argues that Defendants' voluntary cessation of an allegedly unconstitutional practice does not deprive the Court of jurisdiction to hear an action challenging that practice.

## II.  *FACTS*

The following facts are undisputed. In May 2001, the Ohio Liquor Control Commission adopted a regulation ("Rule 68") which governed the sale of beer in kegs. (Pl.'s Mem. Opp'n. at 1.) Rule 68 provides in relevant part:

> (A)(1) Each holder of a B–1 permit shall file, on a form furnished by the department of public safety investigative unit and approved by the commission, an affidavit signed by any person purchasing five or more kegs of beer. The affidavit shall be notarized and returned to the B–1 permit holder at least five business days prior to the purchaser's receipt of the kegs.

Ohio Admin. Code § 4301:1–1–68 (2003) (Repealed June 2, 2003). The affidavit to which Rule 68 referred stated, in part, that:

> By signing below I hereby assert that I have the authority to permit Agents from the Ohio Department of Public Safety Investigative Unit and/or local law enforcement to inspect the premises of the site from where the multiple kegs will be served. I understand that I am permitting an inspection of the property by law enforcement officials for the purpose of assuring compliance with statutory requirements of the Ohio Revised Code.

Shortly after the Department of Public Safety filed its answer to Plaintiff's Complaint, two public hearings were held to discuss the prospect of either revising or repealing Rule 68. (Defs.' Mot. at 3.) The first hearing was held on February 13, 2003, the second on April 17, 2003. *Id.* Thereafter, on June 2, 2003, the Liquor Control Commission rescinded, and amended, Rule 68. (Defs.' Mot. at 3).

> The amended Rule 68 states:
> 4301:1–1–68   Sales. Reports of B–1 Permit Holders.
>
> Not more than 20 percent of total sales of B–1 permit holders may be made to non-permit holders for home use during the immediate previous three months. The Liquor Control Commission may suspend or revoke such permit for a violation of this rule. Each holder of a B–1 permit shall maintain such records as necessary for a period of one year for inspection upon demand by the Division of Liquor Control to verify compliance with this rule.

(Defs.' Mot. at 4.) Thus, the section of Rule 68 which required the affidavit as a precondition of buying beer in kegs has been repealed. (Pl.'s Mem. Opp'n. at 2).

## III.  *STANDARD OF REVIEW*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Id.* Summary Judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment'" *Id.* (quoting *Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

## IV. DISCUSSION

There are no material facts disputed by the parties, the sole issue before the Court is whether the Defendants' voluntary act of repealing the section of Rule 68 requiring the affidavit as a precondition of buying beer in kegs, renders Plaintiff's case moot as a matter of law.

■ Article III of the United States Constitution confines the power of the federal courts to adjudication of "cases" or "controversies." U.S. Const. Art. III, § 2. *See Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). If a claim no longer presents a live case or controversy, the claim is moot and the federal court lacks jurisdiction to hear it. *Allen,* 468 U.S. at 750, 104 S.Ct. 3315. A question of mootness arises when a challenged ordinance is repealed during the pendency of litigation, and a plaintiff seeks only prospective relief. *See Kentucky Right to Life, Inc. v. Terry,* 108 F.3d 637, 644 (6th Cir.1997); *see also Rembert v. Sheahan,* 62 F.3d 937, 940 (7th Cir. 1995). Generally, the legislative repeal of a statute renders a case moot. *Kentucky Right to Life, Inc.,* 108 F.3d at 645 (6th Cir.1997).

■ Juxtaposed to this rule is the well-established principal that a defendant's voluntary cessation of a challenged practice ordinarily does not deprive a federal court of its power to determine the legality of the practice. *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *see, e.g., United States v. Trans–Missouri Freight Assn.,* 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007 (1897). Plaintiff argues that under this principal Defendants' act of voluntarily repealing Rule 68 does not moot this case.

■ To support this argument, Plaintiff relies on the following United States Supreme Court cases: *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982); *City of Erie v. Pap's A.M.,* 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000); and, *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). These cases, howev-

er, are factually distinguishable from the instant case.

In *Pap's,* the owner of a nude dancing club brought suit to contest the constitutionality of a municipal obscenity ordinance. The Pennsylvania Supreme Court held that the ordinance was unconstitutional and the city of Erie appealed to the U.S. Supreme Court. *Pap's,* 529 U.S. at 278, 120 S.Ct. 1382. During the course of the case, the club ceased operations. *Id.* at 287–288, 120 S.Ct. 1382. Thus, when the case reached the Supreme Court, a primary issue was whether the plaintiff's voluntary cessation of business mooted the case. *Id.* at 278, 120 S.Ct. 1382.

The Supreme Court held that the case was not moot because both parties had legally cognizable interests in the outcome of the Court's decision. *Id.* at 287, 120 S.Ct. 1382. The Supreme Court explained:

> The city has an ongoing injury because it is barred from enforcing the public nudity provisions of its ordinance. If the challenged ordinance is found constitutional, then Erie can enforce it, and the availability of such relief is sufficient to prevent the case from being moot. (Citations omitted.) And Pap's still has a concrete stake in the outcome of this case because, to the extent Pap's has an interest in resuming operations, it has an interest in preserving the judgment of the Pennsylvania Supreme Court.

*Id.* at 278, 120 S.Ct. 1382.

Here, unlike the city of Erie, Defendants are suffering no "ongoing injury." Rule 68 has never been found unconstitutional, thus Defendants were never "barred" from enforcing it. Moreover, because Defendants voluntarily repealed and amended Rule 68, a court determination of the old Rule 68's constitutional status would not provide a remedy to either party. This case simply does not present the type of live controversy found by the Supreme Court in *Pap's.*

Plaintiff relies heavily on the Court's decision in *Friends of the Earth, Inc. v. Laidlaw, supra,* to support the proposition that the Ohio Liquor Control Commission's act of repealing Rule 68 does not render Plaintiff's case moot. In *Laidlaw,* environmental groups brought suit against a holder of a national Pollutant Discharge Elimination System permit, alleging violation of mercury discharge limits and seeking declaratory and injunctive relief. *Laidlaw,* 528 U.S. at 168, 120 S.Ct. 693. The Supreme Court remanded the case to the district court, holding that the action would not be rendered moot by the permittee's compliance with permit limits, or its closure of the challenged facility, absent a showing that either event made it absolutely clear that the permit violations could not reasonably be expected to recur. *Id.* at 193, 120 S.Ct. 693.

At the outset, the Court notes that a defendant's voluntary cessation of challenged conduct will not render a case moot because the defendant "remains free to return to his old ways." *United States v. W.T. Grant Co.,* 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). The Court, however, further notes that this proposition is appropriately applied to cases between private parties, not cases involving government officials. *See generally Laidlaw, supra.* Indeed, *Laidlaw* involved a private actor's continuous illegal discharge of pollutants into a river, not a state agency's official repeal of a challenged law.

The Sixth Circuit has adhered to the principal that acts of voluntary cessation by government officials are treated with greater solicitude than similar acts taken by private parties. *See Kentucky Right to Life, supra* at 645. Although *Kentucky Right to Life* was decided before the *Laidlaw,* courts applying the *Laidlaw* decision have continued to emphasize the difference between acts of voluntary cessation by government officials and such voluntary cessation by private actors. *See Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 116 (4th Cir.2000) (remaining "satisfied that statutory changes that discontinue a challenged practice are generally enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit has been dismissed" *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir.1994)); *Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1182 (10th Cir.2000); *New England Reg'l*

*Council of Carpenters v. Kinton,* 284 F.3d 9, 18 (1st Cir.2002); *Fed. of Adver. Indus. Representatives v. Chicago,* 326 F.3d 924 (7th Cir.2003); *see also Ozark Soc'y v. Melcher,* 248 F.Supp.2d 810, 814–815 (E.D.Ark.2003).

The distinction between private individuals and government officials is sound one. As the court in *Federation* explained; "To adopt [plaintiff's] view that mere repeal is insufficient to moot a case would essentially put this court in the position of presuming that the City has acted in bad faith. . .something we do not ordinarily presume." *Id.* at 929. Here, for the Court to adopt Plaintiff's assertion that the Ohio Liquor Control Commission's repeal of Rule 68 is insufficient to moot the case, the Court must essentially presume that the Defendants harbor hidden motives to reenact the repealed version of Rule 68 after dismissal of the case. The Court declines to make such a presumption without evidence creating a reasonable expectation that the Defendants will reenact the prior version of Rule 68, or an ordinance substantially similar. *See Id.* at 929–930.[1]

The present case is most analogous to the factual situation in *City of Mesquite v. Aladdin's Castle, supra.* In *Aladdin's Castle,* the district court declared unconstitutional an ordinance passed by the City of Mesquite (the "City"). *Id.* at 285–89, 102 S.Ct. 1070. The City then repealed the ordinance before the case reached the Supreme Court. *Id.* at 287–88, 102 S.Ct. 1070. The Supreme Court held that the City's repeal of the ordinance did not moot the appeal because it "would not preclude [the City] from reenacting precisely the same provision if the District Court's judgment were vacated." *Id.* at 289, 102 S.Ct. 1070. Critical to the Court's decision, however, was the City's announced intention to reenact the unconstitutional ordinance if the case was dismissed as moot. *See Kentucky Right to Life,* 108 F.3d at 645 (citing *Aladdin's Castle,* 455 U.S. at 289–90, 102 S.Ct. 1070).

A critical factor in the *Aladdin's Castle* holding was "the City's openly-announced intention to reenact the unconstitutional ordinance if the case was dismissed as moot." *Camfield v. Oklahoma City,* 248 F.3d 1214 (10th Cir.2001); *See also Kentucky Right to Life,* 108 F.3d at 645; *Valero Terrestrial Corp.,* 211 F.3d at 116; *Barilla v. Ervin,* 886 F.2d 1514, 1521 (9th Cir.1989). Courts have therefore interpreted *Aladdin's Castle* as precluding a mootness determination in cases challenging a prior version of a state statute *only* when the legislature has openly expressed its intent to reenact the challenged law. *Camfield,* 248 F.3d at 1223 (citing *Valero Terrestrial Corp.,* 211 F.3d at 116); *Kentucky Right to Life,* 108 F.3d at 645; *Barilla,* 886 F.2d at 1521; *see also Kinton,* 284 F.3d at 18.

There is no evidence before the Court that Defendants intend to reenact the alleged unconstitutional version of Rule 68. Actually, the evidence before the Court shows the opposite to be true. Defendants' have made the public statement that repealing Rule 68 was "in the best interest of all those involved." (Defs.' Mem. Opp'n. to Pl.'s Mot. at 3 (quoting Mark Anderson, Executive Director of the Ohio Liquor Control Comm.)) Further, Defendants held two public hearings where interested parties made comments about the prospect of either revising or repealing Rule 68. (Defs.' Mot. at 3.) Shortly thereafter, Rule 68 was repealed, and amended. *Id.*

This situation is inapposite to the situation in *Aladdin's Castle.* There, the Supreme Court had before it evidence that the city of Mesquite intended to reenact the challenged provision if it could defeat federal jurisdiction. In fact, the city made this announcement. *Id.* at 289 n. 11, 102 S.Ct. 1070. In *Aladdin's Castle* there was also evidence that the city had followed this exact course with respect to another restriction, in an obvious response to a state court judgment. *Id.* at 289, 102 S.Ct. 1070. These facts led the

---

1. The Court further notes that even if the standard for a private defendant's act of voluntary cessation was applied to the official defendants in this case, defendants' act of repealing Rule 68 would be sufficient to make clear to the Court that the allegedly unconstitutional behavior "could not reasonably be expected to recur." *Laidlaw,* 528 U.S. at 189, 120 S.Ct. 693 (citations omitted.) Defendants' act of repealing Rule 68's affidavit requirement is an event that "makes absolutely clear that the alleged wrongful behavior"-here, the state imposed assent to searches without a warrant or probable cause as a prerequisite to the purchase of five or more kegs of beer-could not possibly be expected to recur. *See Davidson,* 236 F.3d 1174, 1182.

Court to reasonably conclude that the city of Mesquite would repeat the challenged conduct following dismissal of the case. Here, there is simply no basis for suggesting that the original Rule 68 will be reinstated following the conclusion of the litigation. Plaintiff's claims for injunctive and declaratory relief are moot. *Kinton,* 284 F.3d at 18; *See Kentucky Right to Life,* at 645.

Finally, because Rule 68 was voluntarily rescinded by the state defendants outside the scope of litigation, rendering Plaintiff's claims for injunctive and declaratory relief moot, Plaintiff is not entitled to attorneys' fees. *See Buckhannon Board & Care Home, Inc. v. West Virginia Dept. Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

## V. CONCLUSION

Defendants' voluntary act of repealing and amending Rule 68 moots Plaintiff's claims for declaratory and injunctive relief finding Rule 68's affidavit requirement unconstitutional. The is no evidence that the Defendants' intend to reenact the alleged unconstitutional version of Rule 68. Therefore, Defendants' motion for summary judgment based on mootness (Doc. # 28) is **GRANTED.** Plaintiff's motion for summary judgment (Doc. # 30) is therefore **DENIED.** This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**