**Robert Ellis HASTINGS, Jr., Plaintiff,**

**v.**

**Raymond MARCIULIONIS and Lanny Parker, Defendants.**

No. 06–C–073–S.

United States District Court, W.D. Wisconsin.

June 6, 2006.

Ma Manee Moua, Assistant Attorney General, Wisconsin Dept. of Justice, Madison, WI, Farrah N.W. Rifelj, Michael, Best & Friedrich, for Defendants.

## MEMORANDUM and ORDER

SHABAZ, District Judge.

Plaintiff Robert Hastings, Jr. was allowed to proceed on his First Amendment claim against defendants Raymond Marciulionis and Lanny Parker. In his complaint plaintiff alleges that defendants prohibited him from practicing his Native American religion when he was in an alcohol treatment program at Wazee House.

On May 8, 2006 defendant Raymond Marciulionis moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, affidavits and a brief in support thereof. On May 12, 2006 plaintiff and defendant Lanny Parker filed motions for summary judgment. Opposition briefs have been filed to all motions.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## FACTS

For purposes of deciding defendants' motions for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Robert Hastings, Jr. is currently an inmate at the Jackson Correctional Institution, Black River Falls, Wisconsin. Defendant Raymond Marciulionis is a State of Wisconsin Probation/Parole Agent who is a liaison between the Department of Correction and the Wazee Halfway House. The Wazee House is operated by Lutheran Social Services of Wisconsin and Upper Michigan, Inc. (LSS) which is a private, not-for-profit Wisconsin corporation. Defendant Lanny Parker was an employee of LSS.

In March 2004 plaintiff was convicted of committing substantial battery with an intent to cause bodily harm and for felony bail jumping and was placed on probation supervision. Teresa Miles was assigned as plaintiff's probation/parole agent. On March 9, 2004 plaintiff agreed to the rules of his probation supervision. In July 2004 Miles received information that plaintiff had violated several rules of his probation including stalking a person he was ordered not to contact and consuming alcohol. Miles initiated a formal revocation process but agreed to refer plaintiff to Wazee House as an alternative to revocation. Defendant Marciulionis assumed supervision of plaintiff because of his referral to Wazee House.

Wazee House is not a Department of Corrections (DOC) facility but is owned by LSS and provides transition housing for

offenders who are placed on probation supervision. All offenders who are referred to Wazee House receive a handbook from their probation/parole agent that sets forth all the program rules and expectations.

All new residents of Wazee House must complete a 14–day restriction period. During this period a resident may not leave the facility for any reason except for employment or emergency situations. This rule allows new residents to become acclimated to the rules and treatment programs at Wazee House and allows staff time to conduct an evaluation to determine if the resident is appropriate for the program. During this period the staff is provided the opportunity to assess the resident to ensure the safety of the community.

On August 24, 2004 defendant Marciulionis transported plaintiff to Wazee House. Plaintiff asked Marciulionis whether he could attend a Native American Pow Wow that was scheduled to be held over the Labor Day weekend. Marciulionis told plaintiff that because of the 14–day restriction period he would not be allowed to attend the Pow Wow.

Shortly after his arrival at the Wazee House plaintiff met with Marciulionis and Parker. Plaintiff inquired about going to church and was advised that he could do so after the 14–day restriction period.

Plaintiff owns one Eagle feather. Marciulionis asked plaintiff whether he had a permit or could provide proof of ownership of the Eagle feather which was required by law. Marciulionis advised plaintiff that he could not bring the eagle feather to Wazee House unless he could prove that he had legal possession of it.

Approximately two days after arriving at Wazee House plaintiff had one of his friends bring his eagle feather to him. Parker and Marciulionis advised plaintiff that he could not keep his eagle feather at Wazee House.

Plaintiff was terminated from the Wazee House program on September 9, 2004 for violating the rules of the program.

## MEMORANDUM

■ Plaintiff claims that his First Amendment rights were violated when he was not allowed to go to church and a Native American Pow Wow when he was a resident at the Wazee House. It is undisputed that he was not allowed to attend Church or the Pow Wow pursuant to the house rule that residents are restricted for a 14–day period from leaving the house except for employment and emergencies.

■ The Free Exercise Clause of the First Amendment does not prohibit governments from burdening religious practices through generally applicable laws. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal et al.,* —— U.S. ——, ——, 126 S.Ct. 1211, 1216, 163 L.Ed.2d 1017 (2006). The right of free exercise of religion does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability. *Employment Division v. Smith,* 494 U.S. 872, 879, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). The Court further held that a valid and neutral law of general applicability is rationally related to a legitimate purpose. The only way to prove a First Amendment violation after *Smith* is to show that the government discriminated against a religion or a particular religion by actually targeting a religious practice. *Sasnett v. Litscher,* 197 F.3d 290, 292–293 (7th Cir.1999).

The Wazee House rule to restrict all residents to the facility for 14 days except for employment or emergencies was a valid and neutral rule of general applicability. It did not target a specific religion or religious practice. Accordingly, defendants did not violate plaintiff's First Amendment rights when they did not al-

low him to go to church or a Pow Wow pursuant to this rule.

Plaintiff also claims that his First Amendment rights were violated when he was not allowed to keep his eagle feather at Wazee House. It is a federal crime to possess eagle feathers without a permit. *United States v. Smith,* 29 F.3d 270, 272 (7th Cir.1994). Since plaintiff did not have a permit to possess his eagle feather, he was not in legal possession of the feather. This is a valid and neutral law of general applicability which is rationally related to a legitimate purpose of protecting bald and golden eagles from extinction. Defendants did not violate plaintiff's First Amendment rights by not allowing him to illegally possess an eagle feather. Accordingly, as a matter of law defendants are entitled to judgment on plaintiff's First Amendment claim.

Defendants' motions for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claims must be dismissed. *See Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir.1997).

### ORDER

IT IS ORDERED that defendants' motions for summary judgment are GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint and all claims contained therein.