SIXTH DIVISION 

March 28, 2003

No. 1-02-0599

SEASONS-4, INC., a Georgia Corporation,

Plaintiff-Appellant, 

v.

THE HERTZ CORPORATION, a Delaware Corporation, 

Defendant-Appellee, 

(CROWN TEMPERATURE ENGINEERS, INC., an Illinois Corporation, and CITY OF CHICAGO, a Municipal Corporation,

Defendants). 

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Cyril J. Watson,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff Seasons-4, Inc., a subcontractor and manufacturer of air conditioning units, filed a

four-count complaint to foreclose a mechanic's lien and to recover money judgments against defendants the Hertz Corporation (Hertz), Crown Temperature Engineers, Inc. (Crown), and the City of Chicago (City).  The City is the owner and Hertz is the lessee of the property at O'Hare Field in Chicago upon which plaintiff claims a lien.  Crown is the general contractor that contracted with Hertz to improve that property and that hired plaintiff to furnish air conditioning equipment for that property.  The trial court
 entered a default judgment against Crown in the amount of $53,659.61 on count I, which alleged breach of contract, and dismissed count II, which styled itself an action for 
quantum
 
meruit
 and was also directed against Crown.  The trial court subsequently dismissed without prejudice count III, which sought to foreclose a mechanic's lien on the subject property, and count IV, which sought to recover money damages.  Thereafter plaintiff filed a second amended complaint (amended complaint) to foreclose a mechanic's lien on the property.  Hertz filed a motion to dismiss the amended complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 1998)) based on plaintiff's failure to timely serve it with written notice of its mechanic's lien claim pursuant to section 24 of the Mechanics Lien Act (Act) (770 ILCS 60/24 (West 1998)).  The trial court granted Hertz's motion, finding that plaintiff did not satisfy the requirements of section 24 of the Act.  Plaintiff now appeals the dismissal of his amended complaint, contending that it gave proper notice under section 24 of the Act.

BACKGROUND

Plaintiff's amended complaint to foreclose mechanic's lien, which included a legal description of the subject property, alleged the following facts
.  In 2000, Hertz entered into a contract with Crown
, pursuant to which Crown agreed to furnish
 an air conditioning unit for property
 leased by Hertz from the City.  That property was commonly known as "10000 Bessie Coleman Drive, O'Hare Field, Chicago, Illinois."  The contract provided that plaintiff would custom build the unit to specifications required by Hertz and furnish a five-year compressor warranty for the unit.  On

November 3, 2000, plaintiff delivered the custom-built air conditioning unit to Crown at the property

leased by Hertz and issued an invoice to Crown for the unit in the amount of $50,217.49.  Crown did not pay the amount billed in the invoice, and on January 25, 2001, less than 90 days after delivery of the unit, plaintiff faxed the following letter to Hertz:

"January 25, 2001

Mr. Ed Gelfand

Crown Temperature Engineers

4555 North Elston Avenue

Chicago, Illinois 60630-4214

Re: Hertz Rent A Car

Chicago, IL

Dear Ed,

Please be advised that we are suspending all warranties related to the above referenced project effective immediately.  As of today's date, our invoice number 25045 dated 11/03/00 with a balance due of $50,217.49 is now 83 days old.  Season's-4 terms are NET 30.  We will not honor any warranty related charges nor will we offer assistance to correct any problems that may arise.  I am forwarding this file over to our attorney for review.

Sincerely,

SEASONS-4, INC.

[signature of Stephen L. Watford]

Stephen L. Watford

Controller

Cc David Lampert -Hertz Rent A Car

Mike Gillespie -Gillespie & Associates

Bob Lawson -Seasons-4, Inc."

David Lampert, a construction manager with Hertz, received the above letter and in turn telephoned Stephen Watford to discuss it.  Plaintiff's amended complaint stated that "[i]n that conversation *** Hertz was provided specific information about [plaintiff's] contract with Crown, including the materials provided thereunder, the date materials were last furnished, and the amount due to [plaintiff]." 

On March 20, 2001, over 90 days after the delivery of the air conditioning unit, plaintiff served a notice entitled "SUBCONTRACTOR'S NOTICE AND CLAIM FOR MECHANIC'S LIEN"
 upon Hertz.  The opening paragraph of that notice, which indicated it was sent via certified mail to Hertz's registered agent, stated "THE CLAIMANT Season's 4, Inc., subcontractor, claims a lien against Hertz Corporation, tenant.  O'Hare International Airport, c/o Department of Aviation, owner, and Crown Temperature Engineers, Inc., contractor ***."  The notice included a description of the property at O'Hare Field leased by Hertz and stated Hertz entered into a contract with Crown to improve that property and that Crown in turn entered into a subcontract with plaintiff pursuant to which plaintiff was to furnish the subject air conditioning equipment.  The notice additionally stated that plaintiff completed its work on November 7, 2000, by delivering the air conditioning unit and that $50,217.49 remained unpaid. The notice specified that plaintiff "claims a mechanic's lien on the leasehold interest in the premises of Hertz Corporation."  

On December 7, 2001, Hertz filed a motion to dismiss plaintiff's amended 
complaint, contending that Hertz paid Crown in full for the air conditioning unit
 and that plaintiff failed to timely comply with the notice requirements included in section 24 of the Act.  The motion did not dispute the assertion in plaintiff's amended complaint that David Lampert, an agent of Hertz, received the fax in question and conversed with Stephen Watford following his receipt of that fax. 

On January 23, 2002, following a hearing at which counsel presented oral arguments, the trial court granted Hertz's motion to dismiss.  In support of its ruling, the court stated:

"[T]he issue is does the January 25, 2001 letter to Crown comply with the notice requirement under Section 24.  My short answer is no.  I'll tell you why.

***

The general assembly has seen fit to require a subcontractor such as the plaintiff a potent device to secure payment of his improvement of the real property by its provision that a lien can be placed against the property so improved.

However, the legislature has required that the subcontractor here adhere to certain technical procedures to effectuate his lien and his failure to do so means simply that he has not availed himself of the remedy extended and that he has no lien.

***

The statute makes no exceptions for cases where the owner may have actual notice of the subcontractor's claim from some source other than those included in Section 24."

The trial court subsequently entered a written order that dismissed 
the amended complaint with prejudice.

ANALYSIS

We review 
de
 
novo
 the trial court's order granting Hertz's motion to dismiss plaintiff's amended complaint.  
Coady v. Harpo, Inc.
, 308 Ill. App. 3d 153, 158 (1999).  "The question on appeal from an order granting dismissal under section 2-619 is 'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " 
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 109-10 (1999), quoting 
Kedzie & 103rd
 Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116-17 (1993).  "While a section 2-619 motion for involuntary dismissal admits the truth of all well-pled facts in the complaint, conclusions of law are not taken as true."  
Coady
, 308 Ill. App. 3d at 158.

In the instant case the parties do not dispute the relevant facts.  Rather, they dispute whether these facts establish that plaintiff satisfied the requirements of section 24 of the Act as a matter of law and thus created an enforceable mechanic's lien.

Mechanic's liens are in derogation of the common law and must therefore be strictly construed.  
First Federal Savings & Loan Ass'n v. Connelly
, 97 Ill. 2d 242, 246 (1983).  Such liens are valid "only if each of the statutory requirements is scrupulously observed."  
First Federal
, 97 Ill. 2d at 246.  However, once the lien claimant has satisfied the statutory requirements, the Act should be liberally construed to fulfill its remedial purpose.  
First Federal
, 97 Ill. 2d at 246.  This purpose is to protect, through imposition of an enforceable lien, a party who improves the value or condition of property by furnishing labor or materials.  
First Federal
, 97 Ill. 2d at 246.

Section 24 of the Act requires a subcontractor seeking to establish and enforce a mechanic's lien to serve notice of his lien claim within 90 days after he has delivered materials to the property or completed his work there.  770 ILCS 60/24 (West 1998). 
 

Section 24 of the Act states in relevant part:

"Sub-contractors, or party furnishing labor or materials, *** shall within 90 days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within 90 days after the date of completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his or her claim and the amount due or to become due thereunder, to be sent by registered or certified mail, with return receipt requested, and delivery limited to addressee only, to or personally served on the owner of record or his agent or architect, or the superintendent having charge of the building or improvement and to the lending agency, if known ***."  770 ILCS 60/24 (West 1998).

Section 24 additionally states:

"The form of such notice may be as follows: To (name of owner): You are hereby notified that I have been employed by (the name of the contractor) to (state here what was the contract or what was done, or to be done, or what the claim is for) under his or her contract with you, on your property at (here give substantial description of the property) and that there was due to me, or is to become due (as the case may be) therefor, the sum of $. . . . ."  770 ILCS 60/24 (West 1998).

This notice requirement is not simply a limitation on a subcontractor's remedy but rather 
" 'has been determined to be the very substance upon which a mechanics' lien may be predicated.' "  
Merchants Environmental Industries, Inc. v. SLT Realty Limited Partnership
, 314 Ill. App. 3d 848, 856 (2000)
, quoting 
Lundy v. Boyle Industries, Inc.
, 46 Ill. App. 3d 809, 812 (1977).

Neither plaintiff nor Hertz disputes that the applicable 90-day period under section 24 began on November 3, 2000, the date plaintiff delivered the air conditioning equipment to Crown.  Furthermore, neither party disputes that the notice in question is not the "SUBCONTRACTOR'S NOTICE AND CLAIM FOR MECHANIC'S LIEN," which was served after the 90-day period specified in section 24, but, rather, is the January 25, 2001, letter that was faxed to David Lampert of Hertz within the applicable 90-day period.

Plaintiff contends that the manner in which the letter was served and the content of that letter satisfied the requirements included in section 24 and thus operated to perfect its lien on the subject property.   Hertz responds by noting that strict compliance with section 24 is a condition precedent to the creation of an enforceable lien and contends that the trial court properly dismissed plaintiff's amended complaint because neither the service nor the content of the letter complied with section 24.  The issue in the instant case is thus whether the January 25, 2001, letter was properly served upon Hertz and whether its content adequately informed Hertz of plaintiff's mechanic's lien claim under section 24 of the Act.  In order to resolve this issue, we must construe section 24. 

When construing a statute, our primary goal is to determine and give effect to the intent of the legislature.  
In re Marriage of Beyer
, 324 Ill. App. 3d 305, 309 (2001).  Inquiries into legislative intent begin with the language of the statute, which is "the most reliable indicator of the legislature's objectives in enacting a particular law."  
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 504 (2000).  We must give statutory language its plain and ordinary meaning, and when the language is clear and unambiguous, we must apply the statute without resorting to additional aids of statutory construction.  
Michigan Avenue National Bank
, 191 Ill. 2d at 504.  When construing a statute, we may consider "the reason and necessity for the statute and the evils it was intended to remedy."  
In re Marriage of Beyer
, 324 Ill. App. 3d at 309.

A. SERVICE OF NOTICE REQUIREMENTS PURSUANT 

TO SECTION 24 OF MECHANICS LIEN ACT

We first address whether plaintiff satisfied the service requirements included in section 24.  The plain language of section 24 provides that a lien claimant must serve the party in question either personally or "by registered or certified mail, with return receipt requested, and delivery limited to addressee only."  770 ILCS 60/24 (West 1998).  
The plain language thus notifies those against whom a lien may be potentially claimed that they can expect notice of such a claim to be served  in only one of two ways: delivery in person or delivery by mail.  The legislature's designation in section 24 of delivery by mail as an acceptable method of service reflects its belief that the formality of receiving a notice delivered through the mail system constitutes an effective way of ensuring that the receiver actually appreciates the importance of reading the notice.  Here, plaintiff did not serve Hertz by mailing the notice in question or by personally delivering it to one of Hertz's agents.  Instead, it opted to fax the letter to one of Hertz's agents.  The plain language of section 24 does not authorize service of a notice of a mechanic's lien claim by fax or suggest in any way that such a method of service is lawful.  Plaintiff did not follow the plain language of section 24, and we will not usurp the authority of the legislature by holding that transmission by fax constitutes a valid method of serving a notice of mechanic's lien under section 24.  

Plaintiff recognizes that section 24 does not include transmission by fax as a permissible way to serve notice of a mechanic's lien claim by noting that "[w]hen [s]ection 24 was written, facsimile transmission was unavailable."   Plaintiff argues, however, that "[s]ervice of a section 24 notice other than by one of the methods listed in that section does not invalidate an otherwise sufficient notice that is actually received by the owner."  Relying upon 
A.Y. McDonald Manufacturing Co. v. State Farm Mutual Automobile Insurance Co.
, 225 Ill. App. 3d 851 (1992), and 
Watson v. Auburn Iron Works, Inc.
, 23 Ill. App. 3d 265 (1974), plaintiff specifically argues that "Lampert's undisputed receipt of the notice vitiates the technical statutory requirement of service 'by registered or certified mail, with return receipt requested, and delivery limited to addressee only.' " 

We recognize that Illinois courts have been willing to overlook technical deficiencies in service of section 24 notices which adequately stated a claim for a mechanic's lien when lien claimants have used, albeit incorrectly, a method of service listed in section 24, and the party in question received the actual notice. 
  For example, in 
A.Y. McDonald
, the court found that delivery by regular mail, rather than by certified or registered mail as specified in section 24, qualified as a sufficient method of service when the owner acknowledged actual receipt of the written notice.  
A.Y. McDonald
, 225 Ill. App. 3d at 857.  Similarly, in 
Watson
, the reviewing court found that delivery by registered mail, despite the lien claimant's failure to limit delivery to "addressee only" as specified in section 24, constituted valid service because the owner received the actual written notice.  
Watson
, 23 Ill. App. 3d at 273.  

We note, however, that "[t]he statute makes no exceptions for cases where the owner may have actual notice of the subcontractor's claim from some source other than those included in [s]ection 24."  
Suddarth v. Rosen
, 81 Ill. App. 2d 136, 140 (1967) (failure to serve statutory notice required dismissal of lien claimant's complaint regardless of whether the owners had notice of the claim from alternative source).  Here, unlike 
A.Y. McDonald
 and 
Watson
, plaintiff did not use delivery by  mail, one of the methods of service designated in section 24 of the Act.  Rather, plaintiff employed a method of service, transmission by fax, which was not even mentioned
 in section 24.  Accordingly, we conclude that Hertz's receipt of the fax in question and subsequent discussion with plaintiff regarding that fax do not operate to validate the alleged service.  In any event, even if the transmission by fax did not invalidate service of notice under section 24, we find that the content of the faxed letter did not satisfy section 24.

B. CONTENT OF CLAIM PURSUANT TO SECTION 24 OF MECHANICS LIEN ACT

The plain language of section 24 requires the subcontractor to provide "written notice of his or her 
claim
 and the amount due or to become due thereunder."  (Emphasis added.)  770 ILCS 60/24 (West 1998).  The statute does not, however, define "claim."

Although plaintiff does not offer a definition of "claim," it contends that its letter adequately stated a claim under section 24 and specifically relies upon the following two sentences in that letter: "As of today's date, our invoice number 25045 dated 11/03/00 with a balance due of $50,217.49 is now 83 days old.  Season-4's terms are NET 30."  Plaintiff acknowledges that its letter does not include a salutation directed to Hertz (i.e., "To Hertz") or use the words "claim" or "mechanic's lien."  It argues, however, that these omissions do not negate the validity of its notice since the plain language of section 24 does not require a subcontractor to include a salutation to the party upon whom the notice is being served and does not require that the notice include the words "claim" or "mechanic's lien."

"The purpose of the strict notice requirements of section 24 is to prevent owners from being forced to pay subcontractors for labor or materials for which they have already paid the contractor."  
Petroline Co. v. Advanced Environmental Contractors, Inc.
, 305 Ill. App. 3d 234, 239 (1999).  In order to serve this purpose, section 24 aims to ensure that the content of a notice served pursuant to its provisions adequately  informs owners, or lessees who have contracted for the improvement of the property,
 that the subcontractor is
 claiming a mechanic's lien on the property
.

We find instructive the notice of claim served in 
A.Y. McDonald
.  That notice, which was mailed to the party against whom the lien was claimed and which the reviewing court found to be lawful under section 24, stated:

" '[Subcontractor] *** claims a mechanic's lien for (1) materials in and about the improvement of the following described real estate ***.  Which said real estate at the time of making of the contract hereinafter mentioned was, and now is, owned by State Farm Mutual Automobile Insurance Company.  That on the 7th day of May, A.D. 1986, claimant and said owner and its agents entered into contract which was (2) not in writing, herein it was provided that claimant should (3) provide materials and supplies in the construction of improvements and structures on the above-described premises on an open account on said above described real estate, and that said owner or its agent should pay claimant therefor the sum of [$38,642.32] ***.' "  
A.Y. McDonald
, 225 Ill. App. 3d at 853.

Unlike the above notice in 
A.Y. McDonald
, the purported notice in the instant case did not state plaintiff was asserting or claiming a "mechanic's lien."  Nor did the notice in this case state plaintiff was asserting or claiming a "lien" or an "interest" in property leased by Hertz.   Instead the notice stated plaintiff was "suspending all warranties related to the above referenced project effective immediately."   That "above referenced project" - "Re: Hertz Rent A Car[,] Chicago, IL" - did not state what the project entailed or indicate that it involved improvement to any particular piece of property. 

Furthermore, unlike the notice in 
A.Y. McDonald
, the notice here did not identify the project's exact location.  Instead, it referred only generally to "Chicago, IL."  The notice did communicate that "invoice number 25045 dated 11/03/00 with a  balance due of $50,217.49 is now 83 days old."  It did not, however, state for what the invoice was originally issued and did not state plaintiff was claiming any type of legal interest on the property where the project occurred.  Finally, while the notice faxed to Hertz was accompanied by a cover sheet directed to David Lampert, a construction manager with Hertz, the notice itself was addressed and directed to Ed Gelfan, an agent of Crown, rather than to Hertz, the party against whom plaintiff now seeks to impose a  mechanic's lien.
 Based on these circumstances, we find that plaintiff failed to adequately state his claim under section 24 of the Act.

CONCLUSION

We note that plaintiff contends in its brief that Hertz failed to comply with section 5 of the Act and argues that this failure precludes  Hertz from asserting its payment to Crown as a defense to plaintiff's claim.  Section 5 of the Act imposes a duty on the owner of the property in question to request a sworn statement from the general contractor listing the names of all parties who furnish labor and materials and the amounts due or to become due to each, before any payment is made to the contractor by "the owner or his agent, architect, or superintendent."  770 ILCS 60/5 (West 1998).  Plaintiff correctly acknowledges, however, that the applicability of section 5 would only be at issue in this case if we were to find plaintiff's notice under section 24 of the act was valid.  Here plaintiff did not comply with section 24, and accordingly we need not address the applicability of section 5 to the instant case.  

For the reasons previously discussed, we find the January 25, 2001, letter was not properly served upon Hertz under section 24 of the Act.  We further find the content of the January 25, 2001, letter failed to properly state plaintiff's mechanic's lien claim under section 24 of the Act.  Accordingly, we conclude that the trial court properly dismissed plaintiff's amended complaint. 

Judgment of the circuit court is affirmed.

Affirmed.

TULLY and GALLAGHER, JJ., concur.