FAIRBANKS CAPITAL, Plaintiff-Appellee, v. STANLEY COLEMAN *et al.*, Defendants (Michael Sheahan, Sheriff of Cook County, Third-Party Contemnor-Appellant).

First District (6th Division)   No. 1—03—3600

Opinion filed September 3, 2004.

Richard A. Devine, State's Attorney, of Chicago (Louis R. Hegeman and Jeffrey S. McCutchan, Assistant State's Attorneys, of counsel), for appellant.

Arnstein & Lehr, L.L.P., of Chicago (Samuel H. Levine, David S. Wayne, and Hal R. Morris, of counsel), for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Contemnor Michael F. Sheahan, sheriff of Cook County, appeals from an order of the circuit court adjudging him in contempt for refusing to execute an order of possession entered in favor of plaintiff Fairbanks Capital. On appeal, contemnor contends that the contempt order must be vacated and the possession order entered in favor of plaintiff be declared invalid.

## BACKGROUND

In April 2002, plaintiff filed a mortgage foreclosure action (case No. 02 CH 7658) against Celestine Moore pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15—1501 *et seq.* (West 2002)). In August 2002, the trial court entered a judgment of foreclosure, and on December 30, 2002, the court entered an order approving the foreclosure sale and an order for possession of the premises located at 11325 S. Edbrooke, Chicago, Illinois. The possession order was directed against Celestine Moore; plaintiff did not seek or obtain a possession order in the foreclosure action directed against any person other than Celestine Moore.

In March 2003, less than 90 days after the order of possession was entered in the foreclosure action, plaintiff filed the complaint in the instant case pursuant to the Illinois Forcible Entry and Detainer Act (Detainer Act) (735 ILCS 5/9—101 *et seq.* (West 2002)). The complaint named Stanley Coleman, Stanley Walson, and "Unknown Occupants" as defendants and sought possession of the same premises at issue in the foreclosure action. Attached as exhibits to the complaint were the foreclosure complaint, judgment, and order approving the sale in the foreclosure action. The complaint recites the facts of the foreclosure action and relies upon orders entered during that action as authority for seeking eviction of defendants.

Contemnor returned the original summons for each defendant as "not served"; they show that service attempts were made on March 14, 2003, and March 18, 2003. The record reflects that summons were thereafter served upon the individual defendants and unknown occupants by posting a notice at the Cook County Building, Chicago City Hall, and the Daley Center and mailing the notice to the premises.

On April 8, 2003, the trial court entered a default order granting possession of the premises to plaintiff. The order states "this Court finds that unknown occupants were properly named and properly served."

On May 12, 2003, contemnor attempted to execute the April 8, 2003, order for possession. Present at the premises at that time were an agent of plaintiff, two of contemnor's deputies, and four movers prepared to remove defendants' personal property from the premises. Contemnor's deputies spent approximately 12 minutes at the premises. During that time, they encountered two persons at the premises who were not personally named in the possession order: Stanley Walker and Michael McFadden. The deputies found information to substantiate that these two individuals resided at the premises—a telephone bill listed at the premises' address in the name of McFadden and recent mail addressed to Walker at that address. Based upon this information, the deputies followed contemnor's office procedures and refrained from executing the possession order against McFadden and Walker. Plaintiff filed a petition for a rule to show cause why contemnor should not be held in contempt for refusing to enforce the possession order, and the trial court thereafter held a rule-to-show-cause hearing.

The evidence at that hearing demonstrated that the policies and procedures regarding evictions followed by contemnor's deputies were developed as a result of a case previously filed against contemnor in federal district court. In that case, *Rembert v. Sheahan*, No. 92 C 67, tenants alleged that contemnor's office routinely enforced possession orders in mortgage foreclosure cases against generically described occupants and thereby violated the due process rights of those occupants. See *Rembert v. Sheahan*, 62 F.3d 937-38 (7th Cir. 1995). "[W]hile the tenants' case was pending in the district court, the Illinois legislature amended the [Foreclosure Law], effective 1994, to include a provision that the parties believ[ed] affect[ed] [the] case." *Rembert*, 62 F.3d at 939. "The amended [Foreclosure Law] apparently mandate[d] that a party seeking foreclosure include certain information in a foreclosure complaint (such as the names of defendants whose right to possess the mortgaged real estate is sought to be terminated)." *Rembert*, 62 F.3d at 939. Contemnor, in turn, contended that these amendments rendered the tenants' claim moot since he intended to comply with them and had changed his practices pursuant to them. *Rembert*, 62 F.3d at 939. Although the federal district court approved the generic naming of occupants, it did not address contemnor's argument that the tenants' case was moot. *Rembert*, 62 F.3d at 939-40. On appeal, the Seventh Circuit Court of Appeals remanded the case, directing the district court to determine whether contemnor had refrained from engaging in the complained-of naming practices and thus rendered moot the tenants' claim that those practices violated their due process rights. *Rembert*, 62 F.3d at 943. In addition, the Seventh Circuit speci-

fied that if the district court found the issue before it was not moot, it should then decide whether contemnor's practices comport with Illinois law and whether Illinois law comports with the United States Constitution. See *Rembert*, 62 F.3d at 941-43.

On remand, the district court entered a judgment order that included an injunction prohibiting contemnor from executing possession orders in foreclosure actions against defendants not specifically named in those orders. The judgment order was dated November 3, 1995, and provided directions to contemnor regarding how to distinguish an occupant of the subject premises from a bystander or an interloper with no legal claim to the premises. The order directed contemnor to determine whether the person in question could produce a utility bill in his name addressed to the premises or any other mail addressed to him at the premises which was postmarked within the previous two weeks.

The district court subsequently modified the injunction included in its November 1995 judgment order on October 8, 1999, pursuant to a joint motion filed by contemnor and the plaintiffs in *Rembert*. The modification provided that its judgment order applied to "forcible entry and detainer actions seeking possession of foreclosed premises solely by virtue of the foreclosure purchase and not for any separate reason set forth in the [Detainer Act]." Following this modification, the Illinois legislature enacted Public Act 92—823 (Pub. Act 92—823, eff. August 21, 2002), which amended the Detainer Act to provide for service upon and eviction of unknown occupants who were neither served nor named in the complaint. See 735 ILCS 5/9—104, 9—107 (West 2002). Thereafter, contemnor filed a motion with the district court seeking clarification, direction, and possible modification of the judgment order based upon the subject amendments. The district court declined to modify its judgment order, finding that these amendments "effectively render[ed] [its] October 8, 1999 judgment order moot."

In the instant case, at the rule-to-show-cause hearing, Deputy Sheriff Juliann DiCaro testified that whenever contemnor's office had a forcible entry and detainer case indicating that it was based upon a mortgage foreclosure case, the policy of contemnor's office was to notify the officers that "the [subject possession] order should be enforced as a mortgage foreclosure case." She testified that this policy was based upon the judgment in *Rembert* and explained that the deputies in the instant case refrained from executing the possession order based upon this policy. Following the hearing, the trial court found contemnor in indirect civil contempt of court for failing to carry out the eviction of two "unknown occupants."

Contemnor now appeals that order, contending that the contempt order must be vacated and the possession order which he refused to execute declared invalid.

## ANALYSIS

We first address whether the trial court properly found contemnor to be in civil contempt based upon his refusal to execute the possession order against the two individuals who were found at the premises but not specifically named in the possession order.

"[T]he determination to enter a contempt finding is a matter of discretion with the trial court that cannot be disturbed on review absent an abuse of that discretion." *Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 591 (1996). Judgments of contempt are vacated when the record reflects that the contemnor refused to execute an order for possession "solely in an attempt to obtain review of [that order], which, in good faith, he believed he could not discharge." *Norwest Mortgage, Inc. v. Ozuna*, 302 Ill. App. 3d 674, 681 (1998).

■ Here, the record reflects that contemnor did believe in good faith that he could not lawfully execute the subject possession order. Specifically, he acted in accordance with the modified injunction issued by the federal district court in *Rembert*. That injunction, as modified, prohibited him from executing possession orders against generically named occupants in "forcible entry and detainer actions seeking possession of foreclosed premises solely by virtue of a foreclosure purchase and not for any separate reason set forth in the [Detainer Act]." The order entered in the instant detainer action did seek possession of the foreclosed premises against unknown occupants solely by virtue of a foreclosure purchase and thus directed contemnor to execute precisely the type of order which the *Rembert* injunction prohibited him from executing. While the federal district court in *Rembert* ultimately dismissed the case before it as moot based upon amendments to the Detainer Act, it did not specify how those amendments rendered the case moot. Nor did the district court state how those amendments related to the Foreclosure Law or to the prior decision of the Seventh Circuit Court of Appeals remanding *Rembert*. We cannot conclude contemnor failed to act in good faith in light of the following factors: (1) the *Rembert* decision issued by the Seventh Circuit Court of Appeals, (2) the federal district court's judgment order and injunction on remand prohibiting possession orders in foreclosure actions against defendants not specifically named, (3) the district court's October 8, 1999, modification to the injunction included in that judgment order, (4) the uncertainty regarding how, if at all, the amendments to the

Detainer Act included in Public Act 92—823 relate to the procedure contemnor was required to follow in the instant case, and (5) the refusal of the federal district court to further modify its judgment order based on its finding that the amendments to the Detainer Act rendered its October 8, 1999, order moot. Accordingly, we hold that the trial court's contempt finding and imposition of fines constituted an abuse of discretion.

The second and primary issue before us is whether the April 8, 2003, possession order authorizing contemnor to assert possession against "unknown occupants" pursuant to the Detainer Act was valid. This issue requires us to determine whether the Foreclosure Law or the Detainer Act governs how occupants must be identified in possession orders entered in detainer actions that derive from foreclosure actions and are filed less than 90 days after entry of sale and possession orders in those foreclosure actions.

Contemnor contends that the occupants his deputies encountered on the subject premises were required to be specifically named pursuant to sections 15—1508(g), 15—1701(h)(1), and 15—1701(f) of the Foreclosure Law (735 ILCS 5/15—1508(g), 15—1701(f), (h)(1) (West 2002)). Plaintiff responds that the generic naming of "unknown occupants" pursuant to the Detainer Act was proper in the instant case.

Determination of the validity of the subject possession order requires us to interpret provisions of the Detainer Act and Foreclosure Law, and we therefore apply *de novo* review. See *City of Chicago v. Harris Trust & Savings Bank*, 346 Ill. App. 3d 609, 617 (2004). "When construing a statute, our primary goal is to determine and give effect to the intent of the legislature." *Seasons-4, Inc. v. Hertz Corp.*, 338 Ill. App. 3d 565, 571 (2003). "Inquiries into legislative intent begin with the language of the statute, which is 'the most reliable indicator of the legislature's objectives in enacting a particular law.' " *Seasons-4*, 338 Ill. App. 3d at 571, quoting *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). "We must give statutory language its plain and ordinary meaning, and when the language is clear and unambiguous, we must apply the statute without resorting to additional aids of statutory construction." *Seasons-4*, 338 Ill. App. 3d at 571. "When construing a statute, we may consider 'the reason and necessity for the statute and the evils it was intended to remedy.' " *Seasons-4*, 338 Ill. App. 3d at 571, quoting *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309 (2001).

■ Section 15—1508(g) of the Foreclosure Law states in relevant part:

> "An order of possession authorizing the removal of a person from possession of the mortgaged real estate shall be entered and

enforced only against those persons personally named as individuals in the complaint or the petition under subsection (h) of Section 15—1701 and in the order of possession and shall not be entered and enforced against any person who is only generically described as an unknown owner or nonrecord claimant or by another generic designation in the complaint.

Notwithstanding the preceding paragraph, the failure to personally name, include, or seek an award of possession of the mortgaged real estate against a person in the confirmation order shall not abrogate any right that the purchaser may have to possession of the mortgaged real estate and to maintain a proceeding against that person for possession under Article 9 of this Code [the Detainer Act] or subsection (h) of Section 15—1701; and possession against a person who (1) has not been personally named as a party to the foreclosure and (2) has not been provided an opportunity to be heard in the foreclosure proceeding may be sought only by maintaining a proceeding under Article 9 of this Code or subsection (h) of section 15—1701." 735 ILCS 5/15—1508(g) (West 2002).

Section 15—1701(h)(1) of the Foreclosure Law states in relevant part:

"The mortgagee-in-possession of the mortgaged real estate *** may, at any time during the pendency of the foreclosure and up to 90 days after the date of the order confirming the sale, file a supplemental petition for possession against a person not personally named as a party to the foreclosure. The supplemental petition for possession shall name each such occupant against whom possession is sought and state the facts upon which the claim for relief is premised." 735 ILCS 5/15—1701(h)(1) (West 2002).

Section 15—1701(f) of the Foreclosure Law states that "[t]he provisions of this Article providing for possession of mortgaged real estate shall supersede any other inconsistent statutory provisions." 735 ILCS 5/15—1701(f) (West 2002).

■ Section 9—104 of the Detainer Act was amended in 2002 and states in relevant part:

"[I]f those in possession are unknown occupants *** then [the notice of demand for possession may be made] by delivering a copy of the notice, directed to 'unknown occupants', to the occupant *** or by posting a copy of the notice on the premises directed to 'unknown occupants'." 735 ILCS 5/9—104 (West 2002).

In addition, section 9—107 of the Detainer Act provides that unknown occupants may be constructively served with process by posting or publication and mailing of notices and provides that a subsequently entered order of possession is enforceable against unknown occupants. 735 ILCS 5/9—107 (West 2002).

The parties do not dispute that sections 9—104 and 9—107 of the Detainer Act authorize execution of possession orders in detainer actions against generically named occupants on premises not subject to a prior foreclosure action. Furthermore, the parties do not dispute that section 15—1508(g) of the Foreclosure Law prohibits execution of possession orders against generically named occupants in foreclosure actions. The parties do dispute, however, whether the Detainer Act authorizes execution of possession orders against generically named occupants when, as in the instant case, the claimant files a detainer action less than 90 days after obtaining an order of foreclosure and possession for the same premises pursuant to the Foreclosure Law.

Contemnor contends "plaintiff impermissibly attempted to circumvent the foreclosure statute by filing this forcible entry case seeking an order for possession against 'unknown occupants.' " In support of this contention, contemnor argues that section 15—1701(f) of the Foreclosure Law, which states that the Foreclosure Law's provisions providing for possession of mortgaged real estate shall supersede any other inconsistent provisions, precluded execution of the possession order obtained in the instant detainer action. Specifically, contemnor argues that the Detainer Act's provision authorizing execution of possession orders against unknown occupants is inconsistent with the Foreclosure Law's provisions prohibiting execution of such orders.

Plaintiff responds that the possession order directed against unknown occupants was valid and enforceable. Plaintiff contends that the Detainer Act and the Foreclosure Law "are not inconsistent, but rather, are separate and distinct bases to seek relief under Illinois law." Plaintiff claims that the Detainer Act applies to all forcible entry and detainer claims, regardless of whether they relate to foreclosures.

■ The plain language of section 15—1508(g) of the Foreclosure Law prohibits execution of a possession order which authorizes removal of generically described persons from mortgaged premises. 735 ILCS 5/15—1508(g) (West 2002). The plain language of section 15—1701(h)(1) of the Foreclosure Law gives claimants in foreclosure actions the opportunity to file a supplemental petition that specifically names additional occupants against whom possession is sought during the 90 days after entry of the order confirming the sale. 735 ILCS 5/15—1701(h)(1) (West 2002). The unambiguous language of these two provisions of the Foreclosure Law demonstrates the legislature's intent to preclude removal of generically described occupants from foreclosed premises during the 90 days immediately following entry of the order confirming the sale and granting possession of the foreclosed premises pursuant to the Foreclosure Law. These provisions reflect the

legislature's intent to encourage parties seeking possession of foreclosed premises to attempt to identify unknown occupants and provide those occupants with notice of their interest in the foreclosed property during the 90 days following entry of the order authorizing the foreclosure sale and providing for possession.

We recognize sections 9—104 and 9—107 of the Detainer Act provide that possession orders may be enforced against generically described occupants and appear, on their face, to conflict with the provision in the Foreclosure Law prohibiting the execution of such orders. We note, however, that the plain language of section 15—1701(f) of the Foreclosure Law states that the Foreclosure Law's provisions "shall supersede any other inconsistent statutory provisions." 735 ILCS 5/15—1701(f) (West 2002)). Thus, to the extent the provisions of the Detainer Act are inconsistent with provisions in the Foreclosure Law, we conclude that the Foreclosure Law's provisions control. Furthermore, we note that "[i]t is *** a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied." *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002). The subject provisions of the Detainer Act authorize enforcement of possession orders against generically named occupants, but they do not provide a specific timeline during which such orders may be entered. Nor do those provisions expressly address execution of possession orders against occupants residing on foreclosed property. In contrast, the applicable provisions of the Foreclosure Law specifically apply to foreclosed property and provide a specific 90-day window for parties seeking possession to file a supplemental petition naming specific occupants.

Plaintiff argues that "the legislature could have amended the [Detainer] Act in 2002 to prohibit orders of possession of foreclosed premises solely by virtue of a foreclosure purchase, but it chose not to do so." Plaintiff's argument is not persuasive. As contemnor notes in its reply brief, when the legislature amended the Detainer Act in 2002 to authorize execution of possession orders against generically described occupants, it did not similarly amend the Foreclosure Law. The legislature is presumed to have been aware that the Foreclosure Law prohibited generic descriptions of occupants in possession orders and that the possession-related provisions of the Foreclosure Law superseded any inconsistent provisions included in other statutes. See, *e.g.*, *State v. Mikusch*, 138 Ill. 2d 242, 248 (1990) (noting that courts will presume that "the legislature, in enacting various statutes, acts rationally and with full knowledge of all previous enactments").

Despite the presence of the prohibitions against the generic naming of occupants included in the Foreclosure Law, the legislature did not repeal or modify those prohibitions at the time it amended the Detainer Act. Its decision to leave these prohibitions in place reflects that it did not intend to modify their scope, effect, or application.

Finally, we recognize, as plaintiff notes in its brief, that section 15—1508(g) of the Foreclosure Law provides that claimants may seek possession under the Detainer Act. As noted earlier, the plain language of section 15—1508(g) states in relevant part:

> "[T]he failure to personally name, include, or seek an award of possession of the mortgaged real estate against a person in the confirmation order shall not abrogate any right that the purchaser may have to possession of the mortgaged real estate and to maintain a proceeding against that person for possession under Article 9 of this Code or subsection (h) of Section 15—1701 ***."
> 735 ILCS 5/15—1508(g) (West 2002).

This language makes reference to a purchaser's right to seek a possession order against an unknown occupant under the Detainer Act. It does not, however, state that this right is unconditional. Rather, the language states that the failure to name a specific occupant does not negate "any right that the purchaser *may* have *** to maintain a proceeding against that person for possession under [the Detainer Act]." (Emphasis added.) 735 ILCS 5/15—1508(g) (West 2002). As noted above, the right which a purchaser actually has to execute a possession order obtained in a detainer action is not categoric but is limited by the Foreclosure Law. For the reasons previously discussed, we hold that while a claimant may seek possession under the Detainer Act against specifically named occupants at any time, his right to execute a possession order under the Detainer Act against generically named occupants on mortgaged property may only be exercised after 90 days have elapsed from the date of the initial order of possession in the foreclosure action.

## CONCLUSION

Based on the foregoing reasons, we vacate the trial court's judgment for contempt and its entry of a fine against contemnor and remand this case for further proceedings consistent with this opinion.

Vacated and remanded.

FITZGERALD SMITH, P.J., and GALLAGHER, J., concur.