# Illinois Official Reports

## Appellate Court

---

### *Urban Partnership Bank v. Winchester-Wolcott, LLC*,
### 2014 IL App (1st) 133556

---

| | |
|---|---|
| Appellate Court Caption | URBAN PARTNERSHIP BANK, Plaintiff-Appellee, v. WINCHESTER-WOLCOTT, LLC, an Illinois Limited Liability Company, MICHAEL J. BYRNE, BRIDGET M. BYRNE, THE CITY OF CHICAGO, UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants and LAKEFRONT PLACE CONDO-MINIUM ASSOCIATION, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-13-3556 |
| Filed | July 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant condominium association obtained an order of possession in a forcible entry and detainer action against the owners and the occupants of a condominium unit and the trial court appointed a receiver to collect the rents paid by the tenants of the unit, the right of the association's receiver to take the rents was inferior to the right of the receiver appointed to collect the rents in the mortgagee's foreclosure action, where the foreclosure action was filed seven months prior to the association's forcible entry and detainer action and was based on a mortgage filed eight years earlier, the mortgage transaction included an assignment of rents binding on the mortgagors' successors and assigns without any requirement of a receiver to enforce the assignment, the association's attempt to obtain the rents undermined the mortgagee's security for its loan, and in view of the mortgagee's superior position, the trial court's order directing the association to turn over the rents to the mortgagee's receiver was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-20748; the Hon. Darryl B. Simko, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Gardiner, Koch, Wiesberg & Wrona, of Chicago (Vincent A. Lavieri and Kelli J. Sellman, of counsel), for appellant. |
| | Pugh, Jones & Johnson, PC, of Chicago (Kathleen R. Pasulka-Brown, of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion. |

## OPINION

¶ 1 Lakefront Place Condominium Association appeals from an order of the circuit court of Cook County appointing a receiver for condominium unit No. 903 at 6730 South Shore Drive in Chicago, Illinois, and directing that all rents collected from the tenants of the unit be remitted to the receiver. Lakefront contends that because it had obtained an order of possession in a forcible entry and detainer action and, therefore, the mortgagor was not in possession of the premises at the time the receiver was appointed, Urban Partnership Bank, the mortgagee, was not entitled to be placed in possession through its receiver. We disagree and affirm.

¶ 2                                      BACKGROUND

¶ 3 On June 5, 2012, Urban Partnership filed an action to foreclose a mortgage on unit No. 903 after the mortgagors, Michael and Bridget Byrne, defaulted on their obligations under the loan. Urban Partnership was the successor in interest to the original lender, ShoreBank. Named as defendants, among others, were the Byrnes, Winchester-Wolcott, LLC, an entity to which the Byrnes had apparently transferred title to the unit,[1] and Lakefront. The unit was not occupied by the Byrnes but was held for commercial or investment purposes and was rented to tenants. According to Urban Partnership's complaint, Lakefront was named "by virtue of any unrecorded liens for unpaid condominium assessment[s]." Lakefront was served with the foreclosure complaint on June 12, 2012. Lakefront failed to appear or file a responsive pleading in the foreclosure suit.

_____

[1]There is nothing in the record on appeal to indicate how or when the Byrnes transferred ownership of the unit to Winchester-Wolcott.

¶ 4       On January 10, 2013, seven months after the foreclosure complaint was filed, Lakefront commenced a forcible entry and detainer action against Winchester-Wolcott. According to a ledger later provided by Lakefront, monthly assessments on the unit were in arrears in the amount of $2,908.40 as of January 1, 2013. The ledger does not indicate when the delinquency arose, but given that monthly assessments on the unit were listed as $495.28, it is apparent that the delinquency had not existed for more than six months and thus could not have arisen prior to the commencement of the foreclosure proceedings in June 2012 ($495.28 x 6 = $2,971.68). Lakefront did not notify Urban Partnership of the filing of its forcible entry complaint. On February 13, 2013, Lakefront obtained an order of possession and began collecting rent from the tenants.

¶ 5       On August 6, 2013, Urban Partnership filed a motion for appointment of a receiver. Although it had not filed a responsive pleading in the foreclosure action, Lakefront appeared at the initial hearing on the motion and requested time to respond. Lakefront's September 10 response revealed for the first time its filing of the forcible action and the entry of the order of possession. According to Lakefront, the order of possession entered in the forcible action divested the mortgagor of a possessory interest in the unit and thus precluded Urban Partnership from exercising its right to possession of the unit through the appointment of a receiver. Lakefront further argued that "*[a]s of February 13, 2013*, the date on which the [order of possession] was entered, *the right of Winchester-Wolcott to receive rents was assigned to the Association.*" (Emphases added.)

¶ 6       The trial court conducted a hearing on Urban Partnership's motion on October 28, 2013. In advance of the hearing, Lakefront filed a motion seeking leave to file a surreply brief, a copy of which was provided to the court. The court denied leave to file the surreply. At the conclusion of the hearing, the trial court granted Urban Partnership's motion for appointment of a receiver and directed Lakefront to turn over to the receiver the rents it had collected from the tenant since March 2013. Lakefront timely appealed.

¶ 7                                   ANALYSIS

¶ 8       Urban Partnership's entitlement to the appointment of a receiver and to the turnover of rents collected by Lakefront was determined by the trial court based on the parties' briefs and oral arguments. Under these circumstances, we review the trial court's order granting Urban Partnership's motion *de novo*. *Bank of America, N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 165 (2010). Moreover, where a trial court enters a turnover order in reliance on the parties' arguments and the record without holding an evidentiary hearing or making findings of fact, our review is *de novo*. *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007). The parties have not included a transcript of the hearing on Urban Partnership's motion and the written order entered by the trial court does not state the reasons for its ruling. We may nevertheless affirm on any ground that appears in the record. *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18.

¶ 9       The mortgage against the subject unit was recorded in the Cook County recorder of deeds office on January 11, 2005. Thus, as against any amounts due and owing to Lakefront as a result of unpaid assessments it claimed were past due beginning sometime in 2012, the mortgage lien is superior. Lakefront acknowledges as much, but argues that the priority of the bank's lien is distinct from its right to possession. Lakefront contends that because it had been granted an order of possession in its forcible action, which deprived the

mortgagor/owners of the unit of the ability to possess it, Urban Partnership, although holding a senior lien position, cannot obtain possession or have a receiver appointed because its mortgagor is no longer entitled to possession. Thus, according to Lakefront, until Urban Partnership obtains a final judgment of foreclosure and sale, Lakefront is entitled to continue to collect rent from the tenants. We disagree.

¶ 10 Lakefront's argument overlooks the fact that also recorded as part of the original transaction between ShoreBank and the Byrnes was an assignment of rents. The assignment by its terms was binding upon the borrowers' successors and assigns, and so would bind Winchester-Wolcott. As Lakefront acknowledged in the trial court, its assignment of rents to the association was not effective until entry of the order of possession on February 13, 2013. Consequently, because the rents collected from the tenants had already been assigned to the lender, an order entered more than eight years later allowing the association to collect rents could not possibly prevent the lender–now Urban Partnership–from enforcing the prior assignment.

¶ 11 Further, the assignment of rents executed in favor of ShoreBank was not dependent on the lender obtaining an order of possession or the appointment of a receiver; it did not even require the lender to prove the existence of a default under the loan. Rather, the lender was entitled to enforce the assignment simply by giving notice to the tenant. Because Urban Partnership did not need an order appointing a receiver in order to enforce the assignment of rents, Lakefront's arguments regarding the effect of the order of possession entered in the forcible action and Urban Partnership's efforts to characterize that order as "void" are beside the point. But given that a receiver was appointed, we will nevertheless address the propriety of that order.

¶ 12 Lakefront contends that under the provisions of the Forcible Entry and Detainer Act it was not required to give notice of the action to Urban Partnership or name it as a party. See 735 ILCS 5/9-104.1(c) (West 2012) (requiring demand for payment of delinquent assessments to be served only on owner of condominium unit). While that may technically be true, Lakefront, having been served with the foreclosure complaint, was certainly aware of the default on the loan and Urban Partnership's superior interest in the property. And certainly here, given the preexisting assignment of rents to the lender, Lakefront's attempt to divert rental income to satisfy unpaid assessments undermines Urban Bank's security for the loan.

¶ 13 Furthermore, as Urban Bank points out, the Illinois Mortgage Foreclosure Law governs "the right to possession of mortgaged real estate during foreclosure." 735 ILCS 5/15-1701(a) (West 2012). Section 15-1701(f) also provides that "[t]he provisions of this Article providing for possession of mortgaged premises shall supersede any other inconsistent statutory provisions." 735 ILCS 5/15-1701(f) (West 2012). To the extent that Lakefront attempts to displace these provisions of the Mortgage Foreclosure Law through its forcible action, that effort must fail. See *Fairbanks Capital v. Coleman*, 352 Ill. App. 3d 550, 559 (2004) (court refused to allow lender to circumvent 90-day eviction period for generically named "occupants" provided for under the Mortgage Foreclosure Law by using expedited procedures available under the Forcible Entry and Detainer Act: "[T]o the extent the provisions of the Detainer Act are inconsistent with provisions in the Foreclosure Law, we conclude that the Foreclosure Law's provisions control.").

¶ 14    Because it is not occupied by the mortgagor, the condominium unit involved in this case is not considered "residential real estate" under the Mortgage Foreclosure Law. 735 ILCS 5/15-1219 (West 2012). Therefore, Urban Bank's right to possession was dependent only upon its showing that such relief was warranted by the provisions of the mortgage and that there was a reasonable probability that it would prevail on its request to foreclose the mortgage (735 ILCS 5/15-1701(b)(2) (West 2012)) and its right to the appointment of a receiver was conditioned only on a showing of "good cause" (735 ILCS 5/15-1704(a) (West 2012)). Lakefront does not argue that Urban Partnership failed to make the required showing under the statute, only that it did not do so quickly enough. But there is no provision in the Mortgage Foreclosure Law requiring the mortgagee to seek possession or appointment of a receiver within a particular period of time and there is certainly no provision that allows a junior lienholder like Lakefront to trump the clear rights afforded to the mortgagee under the statute. The trial court properly refused to countenance Lakefront's attempted "end run" around the plain and unambiguous provisions of the Mortgage Foreclosure Law and Lakefront has cited no authority on appeal sanctioning such a result.

¶ 15    Given our conclusion regarding the merits of Lakefront's appeal, nothing it could say by way of a surreply would change the outcome and, therefore, we reject Lakefront's secondary contention that the trial court abused its discretion in denying leave to file the surreply.

¶ 16                                          CONCLUSION

¶ 17    For the foregoing reasons, the circuit court's order granting the appointment of a receiver and directing Lakefront to turn over to Urban Partnership the rents collected since March 2013 is affirmed.

¶ 18    Affirmed.